UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALGENSIS ACEVEDO,
    Plaintiff,

v.

CITY OF PROVIDENCE,
through its treasurer,
JAMES J. LOMBARDI III;
BRENDAN MCKENNA; and
RYAN MALLOY,
    Defendants.

C.A. No. 1:23-cv-41-JJM-PAS

## ORDER

### I. BACKGROUND

Plaintiff Algensis Acevedo sued the City of Providence and two of its police officers, alleging unreasonable and excessive use of force (in violation of the Fourth Amendment to the United States Constitution) under 42 U.S.C. § 1983. ECF No. 11. Mr. Acevedo ran from officers who were conducting a traffic stop on a car in which he had been a passenger. *Id.* at 2. He was injured while being taken into custody. *Id.* at 2-3. Mr. Acevedo contends that the City is liable for injuries that he received during his apprehension because the City failed to properly train its officers and enact policies that would prevent the use of excessive force. *Id.* at 6-8. The City moves to dismiss the municipal liability claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must present facts that make her claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine plausibility, the Court must first review the complaint and separate conclusory legal allegations from allegations of fact. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted). Next, the Court must consider whether the remaining factual allegations give rise to a plausible claim of relief. *See id.* (citations omitted).

To state a plausible claim, a complaint need not detail factual allegations, but must recite facts sufficient at least to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557); *see also Soto-Torres v. Fraticelli*, 654 F.3d 153, 159 (1st Cir. 2011) (internal quotation marks omitted) (citation omitted) ("combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief").

## III.  DISCUSSION

Under the doctrine of municipal liability, a municipality may be liable for violations of federal law by employees if those violations resulted from a policy,

practice, or custom of the municipality. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-95 (1978); *Fabiano v. Hopkins*, 352 F.3d 447, 452 (1st Cir. 2003). The plaintiff must establish a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Mr. Acevedo alleges that the City failed to properly train its police officers in detaining pedestrians, which amounts to a policy, practice, or custom that should give rise to liability. EFC No. 11 at 7. A municipality's training practices may, in some cases, give rise to liability. *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989) (holding that inadequate police training can serve as the basis for Section 1983 liability only where the failure to train amounted to deliberate indifference to constitutional rights). But here, the complaint did not assert any plausible facts supporting the bald allegation of deliberate indifference, deficiencies, or improprieties in the City's training practices. Instead, the complaint only asserts a "formulaic recitation of the elements" of a *Monell* claim. *Iqbal*, 556 U.S. at 678.

Mr. Acevedo analogizes his case to *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005). However, unlike the claims in *Young*, Mr. Acevedo's claim against the City lacks any facts that would allow the Court to infer municipal liability. The plaintiffs in *Young* presented extensive witness testimony outlining systematic lapses in training on a specific dangerous department policy. *Id.* at 16-20. Rather than point to a specific policy, Mr. Acevedo contends that "the co-defendants did not receive training on the proper use of force with non-vehicle

3

pursuits or when dealing with pedestrians walking from a vehicle" and that failure to train in this specific area led to unreasonable and excessive force by the officers. EFC No. 15-1 at 8. Yet Mr. Acevedo presented no plausible facts to support this legal conclusion.

Regarding a direct causal link, Mr. Acevedo correctly notes that "evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees" may trigger municipal liability. EFC No. 15-1 at 6 (quoting *Bd. Of Comm'rs of Bryan Cnty v. Brown*, 520 U.S. 397, 409 (1997)). But proof of unconstitutional activity by municipal employees is not sufficient by itself unless it is coupled with "proof that [the unconstitutional activity] was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985). While Mr. Acevedo may have suffered injuries from violations of his constitutional rights, his complaint lacks any plausible facts suggesting that his injuries resulted from a failure to train or other municipal policy. Accordingly, the allegations against the City are unsupported conclusions that do not "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## IV. CONCLUSION

Should Mr. Acevedo later discover evidence that suggests municipal liability, he may amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. However, the Court finds that the complaint's current municipal liability

claim fails to meet the *Iqbal* pleading standard. The Court thus GRANTS the City of Providence's Motion to Dismiss. ECF No. 12.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court
June 15, 2023